**James D. BUNDY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14023.**

United States Court of Appeals
Sixth Circuit.

April 27, 1960.

B. H. Hagey, Nashville, Tenn. (Richard H. Frank, Jr., Nashville, Tenn., on the brief), for appellant.

John R. Jones, Detroit, Mich. (Fred W. Kaes, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS, Senior Judge, WEICK, Circuit Judge and HOLLAND, Senior District Judge Designate.

PER CURIAM.

The appellant, James D. Bundy, came on for trial in the United States District Court for the Eastern District of Michigan, Southern Division, on an indictment which charged that he and one Edwin A. Oakley and one Van L. Gunn had conspired, in violation of Title 18 U.S.C. § 371, to violate Sections 472 and 473 of Title 18 U.S.C. The alleged co-conspirators, Oakley and Gunn, were not made defendants. After trial, the jury returned a verdict of guilty, and the defendant was sentenced.

The defendant has appealed from this judgment of conviction, and raises three questions. Question No. 1 is as follows:

"1. Does the United States District Court for the Eastern District of Michigan have jurisdiction to indict, try and convict the defendant for an unlawful conspiracy after the defendant had been arrested and admitted to bail charged with the identical conspiracy, together with other related offenses by the United States District Court for the Middle District of Tennessee? The District Court answered this question 'yes'. Appellant contends that it should have been answered 'no'."

No indictment for either conspiracy or the substantive offense had been returned in the United States District Court for the Middle District of Tennessee at the time this appellant was tried on the conspiracy indictment in the District Court for the Eastern District of Michigan. There was no error committed with regard to this first question raised.

The second question is as follows:

"2. May a defendant be convicted of a crime of conspiracy pursuant to Section 371, Title 18, U.S.Code, when the proof shows that the only agreements between the alleged conspirators were such agreements as were necessary to transact the sale and transfer of counterfeit money, a separate offense, of which the defendant was separately charged? The District Court answered this question 'yes'. Appellant contends the answer should have been 'no'."

The record discloses that competent evidence was introduced which would warrant the jury in finding that the conspiracy existed, and the appellant here was not prejudiced in regard to the matters raised in his question No. 2.

The third question raised by the appellant is as follows:

"3. May the prosecution, over objection of the defendant, submit to the jury the testimony of witnesses as to statements made by an alleged co-conspirator, out of the presence of the defendant, when the said co-conspirator was not charged with the conspiracy and after he had been called as a witness by the government and had denied the conspiracy? The District Court answered the question 'yes.' The appellant respectfully contends it should have been answered 'no'."

The record discloses that the court kept in mind the necessity of a conspiracy being established and properly dealt with the matter of statements made by a member of the conspiracy and during its existence. In the trial of

this case, the defendant was not prejudiced by any matter in connection with this question No. 3.

The verdict and judgment of the court are justified by the record, and the judgment should be affirmed.